AEE

FILED
FEBRUARY 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1049

JUDGE MORAN
MAGISTRATE JUDGE ASHMAN

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

---

| | |
|---|---|
| **ELAINE L. CHAO,** Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : : |
| v. | : :  CIVIL ACTION |
| **MANAVES ENTERPRISES, INC.,** a Corporation, Doing Business As **DAPPERS FAMILY RESTAURANT;** and **VAL G. MANAVES,** an Individual, | : :  File No. : :  Legal and Equitable Relief : Sought : |
| Defendants. | : |

---

# COMPLAINT

Plaintiff, **ELAINE L. CHAO**, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain defendants, **MANAVES ENTERPRISES, INC.,** a Corporation, Doing Business As **DAPPERS FAMILY RESTAURANT**; and **VAL G. MANAVES,** an individual, from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.)(hereinafter "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of

the Act and 28 U.S.C. §1345.

## II

**(A)**   Defendant, **MANAVES ENTERPRISES, INC.**, is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 5050 N. Cumberland Ave., Norridge, Cook County, Illinois, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned was engaged in the operation of a restaurant under the name and style of **DAPPERS FAMILY RESTAURANT,** and in the performance of related types of activities.

**(B)**   Defendant, **VAL G. MANAVES,** an individual, resides at 8458 W. Castle Island Ave., Chicago, Cook County, Illinois, within the jurisdiction of this court, and at all times hereinafter mentioned, acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

## III

Defendant **MANAVES ENTERPRISES, INC., d/b/a DAPPERS FAMILY RESTAURANT,** is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

## IV

Defendant **MANAVES ENTERPRISES, INC., d/b/a DAPPERS FAMILY RESTAURANT,** at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had

employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

V

Defendants have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

VI

Defendants, employers subject to the provisions of the Act, have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

**VII**

During the period since July 2, 2005, defendants have repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against the defendants as follows:

**(A)** For an Order, pursuant to section 17 of the Act, permanently enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with them from prospectively violating the Act; and

**(B)** For an Order:

**(1)** pursuant to section 16(c) of the Act, finding the defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded,

**(2)** pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees and those persons in active concert or participation with the defendants, from withholding payment of unpaid overtime compensation found to be due defendants' employees and pre-judgment interest

computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

     **(C)**    For an Order awarding plaintiff the costs of this action; and

     **(D)**    For an Order granting such other further relief as may be deemed necessary or appropriate.

          **GREGORY F. JACOB**
          Solicitor of Labor

          **JOAN E. GESTRIN**
          Regional Solicitor


          _s/Karen L. Mansfield_____
          **KAREN L. MANSFIELD**
          Attorney

          Attorneys for **ELAINE L. CHAO**,
          Secretary of Labor, United States
          Department of Labor,

                          Plaintiff

P.O. ADDRESS:
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn Street – Room 844
Chicago, Illinois 60604
Telephone:  312/353-1216

## EXHIBIT A

Alfredo Abarca
Cleofus Machuca
Jesus Machuca
Ofelio Machuca
Pablo Machuca
Pedro Machuca
Raul Martinez
Tobias Martinez
Jamie Paucar
Carlos Salazar
Fernando Salazar
Gilbert Salazar
Jesus Salazar
Jose Serna