**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor United States Department of Labor, | ) ) ) | Case No. 1:08-cv-1049 |
| Plaintiff | ) ) ) | |
| v. | ) ) | Judge Moran |
| MANAVES ENTERPRISES, INC., A Corporation Doing Business As DAPPERS FAMILY RESTAURANT, And VAL G. MANAVES, an individual | ) ) ) ) ) | Magistrate Judge Ashman |
| Defendants | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants MANAVES ENTERPRISES, INC., d/b/a Dappers Family Restaurant, and VAL G. MANAVES, an individual, by the through their attorneys of record, Pappas & Schnell, P.C., hereby answer Plaintiff's Complaint as follows:

I

Jurisdiction of this action is conferred upon the Court by Section 16(c) and 17 of the Act and 28 U.S.C §1345.

**Answer**: Defendants admit the allegations contained in Paragraph I of the Complaint.

II

(A) Defendant, MANAVES ENTERPRISES, INC., is and at all times hereinafter mentioned, was as Illinois corporation with an office and a place of business at 5050 N. Cumberland Avenue, Norridge, Cook County, Illinois, within the jurisdiction of this Court, and is, and at all times hereafter mentioned was engaged in the operation of a restaurant under the name and style of DAPPERS FAMILY RESTAURANT, an in the performance of related types of activities.

    (B) Defendant, VAL G. MANAVES, an individual, resides at 8458 W. Castle Island Ave., Chicago, Cook County, Illinois within the jurisdiction of this Court, and at all times hereafter mentioned, acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

**Answer**: Defendants admit the allegations contained in Paragraph II(A) and II (B) of the Complaint.

### III

Defendant MANAVES ENTERPRISES, INC. d/b/a DAPPERS FAMILY RESTAURANT is and at all time hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(f) of the Act.

**Answer**: Defendants admit that Defendant Manaves Enterprises, Inc. d/b/a Dappers Family Restaurant, during times relevant to this lawsuit, operated as a restaurant located at 5050 N. Cumberland Avenue in Norridge, Illinois and that at all time relevant to this lawsuit was an enterprise within the meaning of Section 3(f) of the Act. Defendants deny any remaining allegations contained in Paragraph III of the Complaint.

### IV

Defendant MANAVES ENTERPRISES, INC. d/b/a DAPPERS FAMILY RESTAURANT at all time hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**Answer**: Defendants admit the allegations contained in Paragraph IV of the Complaint.

V

Defendants have repeatedly and willfully violated the provisions of section 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in an enterprise engaged in commerce or in the production of foods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

**ANSWER**: Defendants deny the allegations contained in Paragraph V of the Complaint.

VI

Defendants, employers subject to the provisions of the Act, have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

**ANSWER**:   Defendants deny the allegations contained in Paragraph VI of the Complaint.

VII

During the period since July 2, 2005, defendants have repeatedly and willfully violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**ANSWER**: Defendants admit that Section 17 of the Act authorizes an order by this Court enjoining and restraining violations of the Act, including the improper withholding of

payment of unpaid overtime compensation, but denies that such a remedy is necessary or appropriate in this case. Defendants deny the remaining allegations contained in Paragraph VII of the Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants have fully complied with all of the provisions of the Act, including but not limited to, fully paying all employees all wages due and owed in compliance with Sections 7 and 15(a)(2) of the Act and properly and adequately keeping work records that show the hours worked each workday and the total hours worked each workweek and the regular rate paid to employees as required by Sections 11(c) and 15(a)(5) of the Act.

**WHEREFORE**, Defendants respectfully request that this court dismiss this cause of action against Defendants in its entirety and award Defendants any and all relief which the Court deems appropriate.

Respectfully submitted,

**MANAVES ENTERPRISES, INC. d/b/a DAPPERS FAMILY RESTAURANT and VAL G. MANAVES**

By:  /s/ Harry J. Secaras
One of Their Attorneys

Harry J. Secaras
Pappas & Schnell, P.C.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
(312) 421-5312
Dated: April 23, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein via CM/ECF on the 23rd day of April, 2008.

Karen L. Mansfield
Leonard A. Grossman
U.S. Department of Labor – SOL
230 S. Dearborn Street, Room 844
Chicago, IL  60604
mansfield.karen@dol.gov
grossman.leonard@dol.gov


                                        PAPPAS & SCHNELL, P.C.

                                        By: /s/ Harry J. Secaras