UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

MANAVES ENTERPRISES, INC., a
Corporation, Doing Business As
DAPPER'S FAMILY RESTAURANT;
and VAL G. MANAVES, an Individual,

    Defendants.

---

Case No. 1:08-vc-1049

Judge Amy J. St. Eve

## CONSENT JUDGMENT

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, having filed her complaint and defendants, MANAVES ENTERPRISES, INC., a corporation, doing business as **DAPPER'S FAMILY RESTAURANT** and **VAL G. MANAVES**, an Individual ("defendants"), having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment without contest; now, therefore upon motion of attorneys for plaintiff and defendants and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against defendants pursuant to sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.*, hereinafter called the Act, as follows:

I

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** pursuant to section 17 of the Act, that defendants, their officers, agents, servants, employees, and all persons in active

concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a) Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

(b) Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to section 16(c) of the Act, in favor of plaintiff and against defendants in the total amount of **$49,999.97** which represents back wages due to the employees identified on Exhibit A hereto for the period July 2, 2005 through July 7, 2007, and defendants will satisfy the same as follows:

(a) Defendants shall pay to plaintiff the sum of **$49,999.97** which represents the overtime compensation hereby found to be due, for the period July 2, 2005 through July 7, 2007, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein plus post judgment interest as set forth therein.

2

(b)　Defendants shall pay the back wages as set forth in Exhibit A attached hereto and made a part hereof to plaintiff in one initial payment and seven subsequent monthly installments with interest in accordance with the schedule of payments set forth in Exhibit B attached hereto.

(c)　The monetary provisions of this agreed judgment shall be deemed satisfied upon defendants' complete and full compliance with the following:

(1)　An initial payment of $12,500.00 has been paid to plaintiff in two parts ($5,000.00 and $7,500.00) by defendants submitting certified checks or cashier's checks in those amounts made payable to "The United States Department of Labor-Wage and Hour Division." The first part, a cashier's check in the amount of $5,000.00, has been delivered to counsel for the plaintiff. The second part ($7,500.00) shall be delivered by defendants to counsel for the plaintiff on or before May 15, 2009. Should the second check not be delivered on or before May 15, 2009, the entire remaining amount of back wages and interest shall be due and owing immediately without further without further notice or demand by plaintiff to defendants.

(2) The balance of principal and interest due shall be paid to plaintiff in accordance with the installment schedule set forth in Exhibit B attached hereto and made a part hereof. Plaintiff's representative will distribute the back wage amounts referred to herein, or the proceeds thereof, to the persons named in Exhibit A attached hereto and made a part hereof, less applicable deductions for employees' share of FICA and withholding taxes (defendants shall be responsible for the employer's share of FICA taxes) or to their estates, if necessary. Any amounts of unpaid overtime compensation not so paid within a period of three (3) years from the date of receipt thereof shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts.

(2)  On or before the date of each payment/installment referenced herein, defendants shall deliver to plaintiff a certified check or cashier's check in the amount of each payment/installment identified herein and set forth in Exhibit B attached hereto and made a part hereof. Each installment check shall be made payable to "The United States Department of Labor-Wage and Hour Division" and sent to "United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, IL 60690-2638." Defendants shall also submit on or before the date set for the first installment a schedule in duplicate showing the name, last known address and social security number for each employee named on Exhibit A attached hereto and made a part hereof. All amounts paid by defendants shall be made free and clear within the meaning of 29 CFR § 531.35 and payment of the above amounts by defendants to plaintiff shall be received no later than the identified due dates reflected herein and in Exhibit B attached hereto and made a part hereof.

(f)  Should defendants fail to make any of the aforesaid payments and/or installments on or before any of the the due dates provided herein and in Exhibit B attached hereto and made a part hereof, the entire outstanding amount of back wages and interest agreed to be paid shall become immediately due and payable without further notice or demand by plaintiff to defendants. Furthermore, defendants shall pay any and all costs and expenses incurred by plaintiff in enforcing the terms and conditions of this agreed judgment. Any defaulted balance shall be subject to the assessment of interest and penalties at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (Public Law 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of any default, plaintiff intends to pursue enforcement of this agreement and/or any additional collection action that may include,

but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

**FURTHER**, it is agreed by the parties herein and hereby **ORDERED** that each party bear its/his/her own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

All of which is **ORDERED** this _____ day of _____, _____.

---

**JUDGE, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

The undersigned represents he/she is the person named below and has the authority to sign this document on behalf of each entity or individual named and consents to the entry of this Agreed Judgment against each named defendant herein.

**MANAVES ENTERPRISES, INC.,**
Defendant

By _/s/ Val Manaves_

Its _PRESIDENT_

_/s/_
**VAL G. MANAVES**, an individual, Defendant

_/s/_
**VAL M. MANAVES**, an individual,

_/s/_
**HARRY J. SECARAS**
Attorney for Defendants
Pappas & Schnell, P.C.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
(312) 421-5312

**CAROL A. DeDEO**
Deputy Solicitor of Labor for National Operations

**JOAN E. GESTRIN**
Regional Solicitor

_/s/_
**LEONARD A. GROSSMAN**
Attorney

Attorneys for **HILDA L. SOLIS**
Secretary of Labor, United States Department of Labor, Plaintiff

Office of the Solicitor
United States Department of Labor

230 S. Dearborn Street, 8th Floor
Chicago, IL 60604
Telephone No.: (312)353-5709
Fax No.: (312)353-5709
E-mail: grossman.leonard@dol.gov

5